All right. Before we start the clock, I want to make a couple of comments. There was a somewhat 11th hour filing, I believe, by you, Ms. Foles, I guess. Yes, Your Honor. We are in receipt of that for a request for hearing on the court's order denying plaintiff's request for judicial notice. While I'm not sure that we view that as the best use of your time, any comments on this would need to be within the context of the time that you've been allotted. And also, obviously, oral argument prep. Our questions are the most important to answer, so we're probably going to be asking you questions first. If you have any time left, you can make comments on that. Otherwise, both of you have filed documents previously in favor and in opposition, so the, you know, that would be my suggestion. But we can start the time now, and you can state your name. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. I'm Lena Foles. I'm here on behalf of Appellants. This case concerns the rights of a child with disabilities and education to access the procedural and substantive guarantees provided under the IDEA. Let's just jump right into this. I'm having a difficult time seeing what this is about in the sense it's a procedural morass, and you've got cases filed in the district court. You filed an appeal before the ALJ was done, and neither side does a particularly satisfactory discussion of the final judgment rule. And what it seems to me is that you're asking this court to be essentially like a discovery referee in cases before they're ever done, and there's a procedure set up generally when you have an ALJ, a district court, and a court of appeal. You know, people finish those, and they don't come to us before there's a final judgment because otherwise, you know, it's interrupting the procedure. So that seems, so I'm wondering, you know, what is this about other than if you win, you get attorney's fees? It is about the final judgment, Your Honor. Well, then why isn't, why wasn't this premature? In the administrative forum, the parties have a right to bring separate proceedings. So there is no unity. There is no one case. You have to answer all the questions. But that doesn't mean that in the middle of it that you can just jump up here and we're going to say, oh, yeah, you ruled wrong on an evidentiary ruling. It isn't in the middle. That's, that is our argument. It is a final judgment as to those claims. They were never addressed subsequently. We went through a full hearing. The subsequent hearing never mentioned the dismissed claims. As to those claims which could have been brought separately in the administrative forum, this is, those claims were done. There was no place else to go. The ALJ had made a final decision that those cases, that those issues would not be heard, and they were not heard. Are you asking me to interpret 20 U.S.C. 1415-O to suggest that any time you don't like what the ALJ or anybody else should be able to do in the underlying procedure and you have a case or you have a complaint with what particular issue, even though the ALJ is not finished with all of the decisions as to that particular issue and event, you can file another case in the, and go on with a different case? No, Your Honor. Same case in a different matter? Seems to me that's what you're arguing. 1415-O is where you're really trying to go, I guess, and I guess I'm trying to figure out why is this separate from any other issue that was in this complaint? The remaining issues are just divided by time, Your Honor. Well, divided by time, but you brought them all together. You brought them all in the same exact case before the ALJ. So we believe that the question becomes whether we have to go through the motion of bringing separate claims. That would waste the ALJ's time. It would waste the court's time. We could have brought this case separately. We could have filed only on the claims up until the 18th of April when we filed on the 16th, and we could have brought the other claims separately. That's what distinguishes this case. If we couldn't have brought them separately, it would not be a final order. So we believe that the fact that it is severable is. Well, but, you know, I'm going to argue that 26 U.S.C. Section 1415-O permits filing of separate due process complaints on separate issues, but it does not permit filing of separate lawsuits based on the same due process complaint. You know, why shouldn't the final judgment rule apply to IDA cases before an ALJ and permit only one appeal to the district court following the final decision by the ALJ? Then the question becomes when does it become final? Well, we're probably going to tell everyone after this lawsuit, and maybe no one's going to like the answer, but this lawsuit is forcing us to answer that question. Well, and that was the problem for the plaintiffs. They were in the position if we don't appeal, do we waive our rights to bring these claims later, since the final decision by the subsequent final decision by the ALJ did not address the dismissed claims? Well, normally in a district court proceeding, and I would think in an administrative proceeding the same, you get through some claims. You've determined those in any tort action. You bring a lot of torts. You get rid of this tort, and you get rid of that tort, and you get rid of the other tort, and finally you try one tort, and when you're through, then they all go up on appeal. I don't even understand what rule there would be that you would think you couldn't bring these claims when everything got through. Under 1415-0, because the other side would argue that these are severable claims. They would say that they were finally decided. You're appealing now in order. If we prevailed on all the subsequent claims, we would be left with just the claims that were dismissed as time barred. So could we appeal as a party aggrieved by an order that said we win and didn't address those prior claims that were dismissed summarily? There would be the subsequent order doesn't address the time barred claims. So that is our issue. We don't know. The law is unclear, and we had to preserve our right to appeal those issues if they were not addressed in the subsequent order, which they were not. You suggest these are collateral orders? No, Your Honor. I believe it's an anomaly that is caused by the administrative process that does not require all claims that could have been brought to be heard in one proceeding. What the question really is, is whether you are required to have a hearing before you are entitled to appeal. Well, this is clearly an interlocutory. You're asking for interlocutory review. So what's your best authority to allow interlocutory review of a pre-hearing ruling by an ALJ under the IDEA? The only authority we have is the code, which says a final order by a hearing officer is appealable. And the fact that we can say this is a pre-hearing interlocutory order. Right. So there is no authority in the code for it. So you have to recharacterize it as a final order. Yes. We believe it is a final order because the claims are severable. And that's what makes it a final order. And so that's enough said. I would like to reserve some time for rebuttal, but I want to respond briefly to our claims against CDE as well. How do you want to reserve five minutes? So you have, like, you've got a couple of minutes. So why don't you talk about CDE, unless I think Judge Alicorn has a question. Well, I want to tag on to what Judge Callahan just asked you. The ALJ made a decision on some of your claims. And had before him other claims that he had not ruled out against you. A subsequent. It was not the same ALJ. One ALJ. No, no, no. Yeah. But in this case, you filed several different claims. Is that right? We filed claims that spanned a period of time. Yes. And as to some of the claims, the ALJ said you could not proceed on those. Correct. But did not make the same ruling as to the others at that time. Yes. The ALJ could have changed his or her mind after that before entering a final order. No, Your Honor. And tell me why not. Because it was dismissed. The time-barred claims were dismissed. That's what the Court at that time held. But could it not later, with persuasive argument from you, change its mind and say, I was wrong before entering a final order? No, I don't believe those issues were. When the court, when the judge set out his pre-hearing order, that defined the issues. The issues in the pre-hearing order were the only ones that the ALJ would hear. Don't you have that on appeal in one of the other cases that's not before us? Don't I have which? The matters that were dismissed. Don't you? No, Your Honor. None of these matters that are before this Court are two matters. One, whether the plaintiffs have a right to constate a cause of action against the California Department of Education. And two, whether an order from an ALJ that dismisses your case is a final order subject to appeal. I would really like Judge Alarcon, evidently, much more articulately, which is absolute, he would be more articulate than I, but he's laid it out pretty clear. And you didn't answer his question. What law is there to suggest when an administrative law judge makes a decision on some issues, but not all, that he can't go back and reexamine issues he's already decided in trying to make a total decision in the total case? What law says he can't do that? What procedure? What administrative law? Well, I don't think that there are. I mean, I tried to ask you the same question. Sure. He was a great deal more. You would ask the same thing in a tort claim. Well, I mean, in any one of the decisions a district court makes, and I think an ALJ makes, maybe my law clerks and I were not sufficient. That's why I'm asking you to state where I missed it. Well. But it seems to me that any decision maker, even though they make decisions as to some claims as they go along, may come to the case where they say, you know, I've made some problems in the decision I made prior, and so I want to change it. Even though he's already made those decisions before, what administrative law says he can't do that when the case is not over? There is none, is there? There's none either way, which is precisely the problem. There's none either way? There's none saying that he can or can't. Well, frankly, if there's none saying he can't, he can. If that's the case, then that's why we need clarity, because he didn't. And I've never seen an ALJ view issues that have been dismissed. Our understanding is, pursuant to the procedure that the Office of Administrative Hearings follows, is the pretrial order defines the issues to be heard. Whether or not a judge could revisit that, we don't know. Well, it's certainly what the pretrial order said. That was your answer to him. Right. But that's not the answer to the question. The pretrial order is just saying, okay, I've got through all these other issues, and now I will hear these issues at trial. That doesn't mean the other issues are off the table as to what he might change or not change. Well, we did argue extensively, and we submitted the transcript of the oral argument before the judge that we believed before the ALJ, who determined the claims as time barred, that we believed that the parents could not possibly know that an assessment was inappropriate when they hadn't received it. He rejected that argument and said, these are the issues to be heard. So at that point, we believe on July 27th, when he clarified his order, that there was no further review and that he made that clear. If there is that is not a final order, then we seek clarity for that, Your Honor. You want to reserve the balance of your time? You only have two minutes. I would just like to, if the Court has any questions about our availability of a claim against CDE for their dismissal of the CDE complaint or Well, since the ALJ ultimately ruled that Lafayette was not timely in filing its due process complaint, how would your client benefit if we agreed with you that the CDE should not have closed the investigation? They would benefit substantially because that decision was reached pursuant to our affirmative defense raised 30 days after the decision was due. The whole point of the process before CDE is to make it unnecessary to have a costly, protracted litigation that costs thousands of dollars for which the family can never recover full relief. The summary process is for that. CDE abandoned that. They have no process in place. Our complaint sets forth the allegations taken as true, that they have no process to ensure that when a complaint is raised, that a subsequently filed due process hearing must include the same issue before they close that investigation. The issue that was reached by the hearing officer was one raised 30 days, more than 30 days after CDE's decision was due, and not because it was raised in the complaint short. If you want to reserve any time, you probably should sit here at this point.  Thank you. Good morning. Good morning. Before we start your time, are you going to split time? We are. I'm going to take 10 minutes, and Mr. Aguilar, who's representing the CDE defendants, is going to take 5 minutes. All right. Well, I'll cut you off at the 10 then, because otherwise he'll be sitting there wondering how he's going to interrupt you. Right. And when you're using all his time. So I'll do that. All right. Go ahead. Please give us your name and your appearance. Thank you. Amy Levine, appearing for Respondents, Lafayette School District and Lafayette Board of Education. Well, let me just jump in with you here. The appellant contends that he could have brought two separate due process complaints, one alleging conduct prior to April 2007 and one alleging conduct after that date. If that is true, why shouldn't he be allowed to file a lawsuit in the district court challenging the ALJ's dismissal of the pre-April 2007 claims and continuing to litigate the post-April 2007 claims in the due process hearing? Well, for one thing, he didn't choose that course of action. They, in fact, kept all of their claims together. They never availed themselves of any option to bifurcate or sever or file separately. But as well, 20 U.S.C. 1415-0 only addresses due process claims. So while there's a right to file separate due process claims, there's no right to file separate interlocutory appeals to the district court. Well, you know, you both kind of dance around that. I didn't find either side very helpful on the final judgment rule. I mean, I had to do a lot of my own work on that. And it doesn't appear that it's exactly been decided in these type of proceedings. Well, I think the IDEA is pretty clear that the appeal to district court is from a final decision. It doesn't say order, it only says decision. It's from the findings and decision of the administrative, from the hearing officer. And that the 90-day timeline for filing an appeal is from the final decision. What's your best case on that? There's the district court decision, the Lake Washington decision. There's several references to the appeal from the final decision. We cited the – excuse me for a second here so I can get the name of the case. The Coleman v. Newberg and Large School District, city school district case. What level decision is that? That is a Second Circuit decision. And it says – Not Ninth Circuit, though, right? No, it's not a Ninth Circuit decision. Not any Supreme Court decisions? Well, there's repeated references to appeals from final decisions. There's the Luck v. Malala School District, which is a Ninth Circuit decision. There's the County of San Diego v. Special Education Hearing Office decision also refers to appeals from a final decision. There's never really been any doubt that an appeal is from a final decision. So why are we here? I have that same question. I think that you hit the nail on the head. I mean, this case was dismissed as premature. The relief that they're seeking in this appeal is to have the district court rule on whether or not the statute of limitations dismissal was proper. That determination is being made now in the district court. We've got motions for summary judgment that are queued up and ready for decision in about a month on that very issue. So there's really no relief that this court can afford them that beyond what – I mean, everything they're seeking, they've already gotten. Well, the other – but then I don't understand your argument. You argue that M.M.'s claim is moot because the same claim is pending before the district court in another case. Doesn't that demonstrate that there is still a dispute between the parties and, therefore, the case is not moot? Well, it's not moot in the district court, but it's as to – Well, that's what moot means, that there's not a dispute pending. So when you use that here, I'm just not quite understanding your nomenclature  here. Well, perhaps the nomenclature is not correct. Perhaps it's that it's not right for review by the Ninth Circuit at this point. It's almost like an abstention argument that while the case is still being reviewed by the district court, there's no basis for review by the Ninth Circuit. It would be a waste of judicial resources. But you're arguing that somehow that her – that she's got claims that are going to, you know, evade review. And that's why we just have to jump in here. Right. This is not that case. It has not evaded review. It's being reviewed. And, in fact, there was a question earlier or the suggestion that these claims will never be – were not heard by the ALJ. Well, in fact, one of the claims, the primary claims that were dismissed by the statute of limitations order was about the initial assessment of this student and whether that was appropriate. The ALJ did, in fact, look at that claim and did, in fact, revisit, if you will, the statute of limitations dismissal. So, you know, as the Court noted previously, the ALJ does have the opportunity to review decisions that are done on a pre-hearing basis, which means that the appeal is not – is not final. That's the purpose for the exhaustion of administrative remedies, which is also explicitly in the statute and which supports the idea that no interlocutory appeals are available, particularly under the IDEA. Is there any – I looked for one, and I guess I didn't find it, so I'm asking you, is there anything in the – in the administrative law which would suggest that one could say after one's granted summary judgment, quote, unquote, as to certain issues, Mr. ALJ, this is a final – this is pretty final. This is going to deal with some of our stuff. Will you just certify that up first? Will you just do something to make that go up on its own and so that he issues some kind of a decision to allow that? Is there any law in the administrative code for that? I couldn't find any. Not that I'm aware of. So in this particular decision, we're really saying, if we follow your logic, that once a decision's made by the ALJ, unless he changes it himself, whatever the plaintiff files with the ALJ has got to – he or she has to decide how much to file in each case so they'll know what to appeal? Well, I mean, in this instance, some of the claims were clearly – or at least would have been apparent that there would have been a motion to dismiss based on the statute of limitations because they went back four years before the date of filing. But certainly even at the time that the dismissal order was issued, the parents could have asked to sever the claims. I think that they could have said, we will take that case separately, we'll go forward on this one, please issue us a final decision on this, and we'll appeal it. I think that probably could have happened. I don't know that there's any case that supports that, but I don't see why it couldn't have happened. So if they had waited to finish everything, is it your position that the dismissal could have been appealed within that? Absolutely. And it has been. It has been. That's why we have something in the district court now, correct? Right. Right. So to answer your earlier question about evading review, I think the other component of that test has also been not met. There's only pure speculation that this same set of facts would happen again to these parents, that they would miss the statute of limitations, there would be a dismissal order, that they would then again seek interlocutory review. There may be a case that gets to you that is appropriately resolved where this question about interlocutory appeal might be appropriate, but this is not that case. Well, we're not, we don't like interlocutory appeals. You know, we like people to get done. We like them to develop a record so that we have something to review. I mean, we're not, we're not discovery referees. We're not, you know, it's not, you know, call an appellate panel to say whether someone got something right or not. Right. And I think the other thing that's in the statute that supports the argument that there is no interlocutory appeal is that the party has to be aggrieved from the final decision. So if you consider whether or not the party is aggrieved from anything at that point in time, well, they're not, because the decision, the order could be reviewed further at that point. And, in fact, it was here reviewed further. And even though that the claims that were dismissed, the parents may not have been aggrieved, they may not have gotten the exact relief that they had sought through going through the exhaustion process. They might have gotten alternative relief that would have addressed those claims. So that's the whole basis for the exhaustion argument. That was the Robb decision, for example, that the parent is not entitled to the relief necessarily that they request, but if they're getting some relief. Thank you.  Thank you. Please seek your time to your colleague at this point. All right. Thank you. Just put it at 5. Thank you. May it please the Court. I'm Edmundo Aguilar on behalf of the California Department of Education State Superintendent. You're right in that this is confusing. With respect to CDE, the claims are identical in both actions. I mean, as you can see from the record, the brief that was submitted in opposition or in support of our motion dismissed was identical. In fact ‑‑ So when the CDE gets a request from the school district to close an investigation because the issues to be investigated are the subject of a pending due process complaint, what steps must CDE take to determine if the issues are in fact part of that due process complaint and did CDE comply with that procedure here? Yes, we did. I mean, it's evident by what eventually, as Your Honor pointed out, what eventually the Administrative Logics ruled, but what we do is we evaluate that complaint. I mean, it's clear that the law says not only the subject, but it is part of. I mean, the record is clear that there were other complaints or allegations within that compliance complaint that were investigated by CDE and there was a final report on those allegations. But with respect to the one regarding 300.502, which is independent education evaluation, CDE did follow closely 300.152, which says when a compliance complaint raises an issue which is part of a due process complaint, that the CDE is compelled to set that aside. In this case, there's no requirement that this due process complaint has to occur before, just if it is. And in this case, it happened two weeks later. Once we were informed there was an evaluation and it was determined, and I think it's strongly supported by the record, that it was determined that the question as to whether that assessment or whether the district timely filed a due process claim or timely objected to that, that was inherent in terms of the district's or inherently part of the district's due process complaint. When they were raising the process as to whether the assessment was appropriate, if you look at 300.502. In some other proceeding, ultimately it was determined that the district had to pay for this assessment, but it was discounted by a half or something because of delay on the part of MM, but it was also determined adversely. That was the one area that was determined adversely against the district, right? That's clear. Yes, Your Honor. Ultimately, the ALJ determined that. That the district, in fact, was unreasonably delayed or unreasonably delayed responding to that request for an assessment. And that is inherently supported by 300.502. 300.502 requires the district to make that determination. One, either going to fund that independent evaluation, or two, without unreasonable delay, request due process. Okay, but before you close an investigation, what do you have to determine? We have to determine whether that is the subject or whether the issue raised, any issue in a compliance complaint is part of a due process complaint. And so what you're saying, you made that determination and it was, in fact, part of the due process complaint because that's what was determined, that the district did delay and had to pay for this independent assessment, but they didn't have to pay the full amount because of delay on the part of MM, correct? Right. It's inherently part of that analysis. That was our determination. And what I'm saying is that the ALJ's determination just supports that. Because it's inherently part of the analysis as to whether it was timely, as to whether it was appropriate. That's all part of 300.502, or 34 Code of Federal Regulations, 300.502. So since the ALJ ultimately determined that, that Lafayette was not timely, what, from your perspective, what would they benefit from if this court were to determine that CDAE was not to have closed the investigation? Now, I want you to answer that in response to what she suggested. Because she gave the same, she had the same question. She had a lot of things that they would gain by not having to go through this. You respond to her answer as well, because I know your answer is going to be they don't do anything. It's already decided. But she gave a response suggesting there were a lot of problems. Well, what she's suggesting is that they would have been precluded or they would have had to go through litigation. Right. They wouldn't have had to follow through with an administrative hearing. But what our position is that the law is set up so that there's two avenues. One is the compliance avenue, which is an informal process where CDAE investigates. The second is due process. There is no, there's no, nothing built into the law to say that you have to avoid. If you chose one or two, and the determination or the determining factor is if you raise an issue in a compliance complaint that is part of a due process complaint, the law compels us to set that aside. And I think, in other words, you don't get two bites at the apple. So what you're saying is they put in motion the process that would cost more money. Had they not put it in a due process complaint, then they had that avenue available. Correct. But they, but the law compels you to close when they allege it in a due process. Correct. Correct, Your Honor. That we're compelled to do that. And so, in other words, there's no way to avoid that, litigating or going to administrative hearing. There isn't anything under the Code of Federal Regulations that would preclude that. That's all I want. I was going to ask you the same question, but I was going to have you look at it the way you did. Thank you. All right. Unless the Court has questions, I would submit. We have no additional questions. Thank you. Thank you. Your Honors, this is the reason that we brought the, that I requested the Court to consider the request for judicial notice, taking notice of these documents, because those documents demonstrate that even if our complaint was insufficient, that clearly that issue was not the same. The issue was raised after the time that CDE should have decided. And the damage It doesn't need to be the same. Under the regulation, it doesn't need to be the same. The State must set aside any part that is being addressed in the due process hearing. And any They determined that, given what you were doing, that it had to dismiss the complaint because the whole, if you will, was similar issue, and it was going to be addressed in the due process situation. 300.502 also says that any part that is not included in the due process request, which, importantly, was brought by the school district, the family didn't bring it. They brought the complaint late to stop the parents, to further delay the parents getting the IEE. Was there anything in what you did, what you gave to the CDE, that was not addressed by the ALJ? The issue was not when CDE, the more important question is whether when CDE dismissed its compliance complaint, the issue was pending. Well, I would suggest don't tell a judge that the more important question is the one that he didn't ask. I'm sorry. Answer the question that the judge asked you. I'm sorry. Whether Ask, answer his question. Well, I think I get the, you don't need to answer my specific question because I think I get the import of your argument, but I did believe, as my colleague has pointed out, that you went to a different answer to a different question than the one I asked. Sorry, Your Honor. All right. Unless there's further questions, you've used your time. Do I have any further questions? I believe I have 44 more seconds. You are in overtime. I'm sorry, Your Honor. It's going up.  The clock's going up. Thank you for your argument. This matter will be submitted. All right. The last matter on calendar is Lane Seepers v. Pacific Life Assurance 11-15524. That's submitted on the briefs and will be submitted as of this date. This court is adjourned until tomorrow at 9 a.m. Thank you. All rise.
judges: Alarcon, Callahan, Smith